IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| DITECH FINANCIAL LLC, | ) |
|     Plaintiff | ) |
| v. | ) CIVIL ACTION NO. TDC 18 CV 3332 |
| BP FISHER LAW GROUP, LLP, et al., | ) |
|     Defendants. | ) |

### DEFENDANT PLUTOS SAMA, LLC'S NOTICE OF REMOVAL

Defendant Plutos Sama, LLC ("Plutos"), through undersigned counsel, hereby removes the action styled as *Ditech Financial, LLC v. BP Fisher Law Group, LLP, et al.*, Case No. CAL18-39907, from the Circuit Court for Prince George's County, Maryland, to the United States District Court for the District of Maryland, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, Plutos states:

1.    Plaintiff Ditech Financial, LLC ("Ditech" or "Plaintiff") is a financial services company that seeks payment of moneys allegedly owed to it by the law firm, BP Fisher Law Group, PLC ("Fisher" or "the Law Firm"), which conducted residential real estate foreclosure and other default related legal actions in connection with Ditech loans. Ditech is a Delaware limited liability company, having its principal place of business in Fort Washington, Pennsylvania. *See* Compl. at ¶ 4. Upon information and belief, based on Ditech public filings in *Slusher, et al. v. Ditech Financial, LLC*, No. 3:18-CV-00034-HZ (D. Or. Jan. 9, 2018) (ECF No. 4) and with the Maryland Department of Assessments and Taxation, its sole member may be Ditech Holding Corporation, which was incorporated in Maryland and has its principal place of business in Tampa, Florida, making Ditech a dual citizen of Maryland and Florida.

2. Plutos is a citizen of the State of California, where its members are domiciled. *See* Compl. at ¶ 8.

3. Fisher is a wholly owned subsidiary of Plutos, whose owners are attorneys domiciled in the State of California, thus making Fisher a citizen of the State of California.

4. Fisher employed the two individual defendants, Shannon Kreshtool and Andrew Corcoran, both of whom are Maryland domiciliaries. Ditech's Complaint fails to plead facts sufficient to establish any possible cause of action against these individual defendants, and pursuant to the doctrine of fraudulent joinder they should be disregarded for purposes of determining diversity jurisdiction.

5. A few days prior to filing the lawsuit from which this removal Notice arises, Ditech sent a demand letter to Defendants Kreshtool and Corcoran requesting payment of amounts allegedly due on 18 loans that they had been discussing for some weeks, some of which were remitted to Ditech after audit ratification. *See* Compl. at Exhibit B, Letter from Andrew Corcoran, Esquire, explaining the delays in court audits caused by the restructuring that became necessary when Ditech pulled its business from Fisher following its acquisition by Plutos.

6. Counsel for Plutos, John B. Consevage, contacted Ditech counsel via electronic mail on Wednesday, October 24, 2018, to try to resolve the remaining disputes between the parties. Without responding to Mr. Consevage's email, counsel for Ditech filed suit against the Law Firm, its parent firm, Plutos, and the two individual defendants on the morning of Friday, October 26, 2018. Ditech also filed injunction papers and then appeared *ex parte* before the Honorable Herman Dawson of the Circuit Court for Prince George's County to attempt to set a hearing on its motion for a temporary restraining freezing all trust and operating accounts of both the Law Firm and its parent firm, Plutos.

7. The injunction papers filed in the state court certified same day hand-delivery to each defendant; however, Ditech sent copies only via electronic mail to Mr. Consevage, and to each of the individual defendants and Plutos's attorney principal, copying Mr. Consevage. The state court clerk issued Summonses later that day, but they were not served upon any defendants. Prior to October 29, 2018, none of the defendants has been served with process by Ditech; however, Plutos counsel has conveyed to Ditech counsel that Mr. Consevage is authorized to accept service of process for Plutos effective October 29, 2018 at 9:00 a.m., with Mr. Consevage either having obtained the Summons from the state court or having agreed to accept the Summons when available.

8. Along with the Complaint and injunction papers, Ditech notified Mr. Corcoran via voicemail and each defendant via electronic mail that Ditech would appear in the state court for a hearing on its Motion for Temporary Restraining Order and preliminary and permanent injunction before the Judge in Chambers on the Monday after the Friday filing (October 29, 2018) at 9:00 a.m.

9. Pursuant to 28 U.S.C. §1441(a), any civil action over which the district courts of the United States have original jurisdiction may be removed from the state court to the federal court.

10. Pursuant to 28 U.S.C. §1332, the district courts of the United States have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states or subjects of a foreign state. The amount in controversy in this action far exceeds the sum or value of $75,000. *See* Compl. at ¶¶ 10, 31, 34, 37, 38, and 40.

11. Based on the diversity of citizenship among Plaintiff and the two properly joined defendants, Plutos and Fisher, this Court has diversity jurisdiction over this action.

12. The Circuit Court for Prince George's County is located within the United States District Court for the District of Maryland, Southern Division. Venue is proper in this Court because it is "the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

13. This Notice of Removal of Action is timely filed pursuant to 28 U.S.C. § 1446(b), because it was filed within 30 days from the date(s) upon which Plutos received or was served with a copy of the Complaint, and within one year after the commencement of the action.

14. Promptly after the filing of this Notice of Removal, written notice required by 28 U.S.C. § 1446(d) will be filed in the Circuit Court for Prince George's County and provided to Plaintiff.

15. As required by 28 U.S.C. § 1446(a), a true and correct copy of all pleadings and orders received by Defendants, along with the written notice to be filed in the Circuit Court, are being filed contemporaneously with the instant Notice of Removal.

16. No previous application has been made for the relief requested here.

17. WHEREFORE, Defendant Plutos Sama, LLC respectfully removes this action from the Circuit Court for Prince George's County to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

LERCH, EARLY & BREWER, CHARTERED

By: /s/ Lauri E. Cleary
Lauri E. Cleary (Bar No. 06599)
Joshua C. Schmand (Bar No. 1021860)
7600 Wisconsin Avenue, Suite 700
Bethesda, Maryland 20814
(301) 657-0176 (phone)
(301) 347-1792 (facsimile)
lecleary@lerchearly.com
jcschmand@lerchearly.com

John B. Consevage (to be admitted *Pro Hac Vice*)
DILWORTH PAXSON LLP
Penn National Insurance Plaza
2 North 2nd Street, Suite 1101
Harrisburg, Pennsylvania 17101
(717) 236-4812 (phone)
(717) 234-3954 (facsimile)
jconsevage@dilworthlaw.com

*Counsel for Plutos Sama, LLC*

Dated: October 29, 2018

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of October, 2018, a copy of the foregoing was delivered by hand to: T. Sky Woodward, Andrew J. Narod, D. Brian O'Dell, BRADLEY ARANT BOULT CUMMINGS LLP, 1615 L Street NW, Suite 1350, Washington, D.C. 20036, *Counsel for Ditech Financial LLC*.

/s/ Lauri E. Cleary
Lauri E. Cleary