# EXHIBIT B

# IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

DITECH FINANCIAL LLC
1100 Virginia Drive
Fort Washington, PA 19034

     Plaintiff,

v.

BP FISHER LAW GROUP, LLP,
174 Waterfront Street
Suite 400
National Harbor, MD 20745

Serve: Resident Agent:
     Andrew R. Corcoran
     174 Waterfront Street
     Suite 400
     National Harbor, MD 20745

ANDREW R. CORCORAN
3914 Blackthorn Street
Chevy Chase, MD 20815

SHANNON B. KRESHTOOL
3705 Thoroughbred Lane
Owings Mills, MD 21117

PLUTOS SAMA, LLC
1900 Main Street, Suite 640
Irvine, CA 92614

Serve: Agent for Service of Process:
     Michael Keadjian, Esq.
     1900 Main Street, Suite 640
     Irvine, CA 92614

     Defendants.

CIVIL ACTION NO.

*CAL 18-39907*

## EMERGENCY VERIFIED COMPLAINT FOR DAMAGES AND FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

Plaintiff Ditech Financial LLC ("Plaintiff" or "Ditech"), by its undersigned attorneys, files this Verified Complaint for Damages and for a Temporary Restraining Order and Preliminary and Permanent Injunctive Relief ("Complaint") against Defendants. Plaintiff states the following in support thereof:

1.      Plaintiff brings this Complaint for damages and seeks a temporary restraining order and preliminary and permanent injunctive relief pursuant to Maryland Rules 15-501, *et seq*.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over common-law and equitable claims asserted herein pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 1-501.

3.      Venue is proper pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 6-201 because Defendant BP Fisher Law Group, LLP ("BP Fisher") maintains its principal office in Prince George's County. Venue is also proper in this County pursuant to the May 11, 2016 Legal Services Agreement ("LSA") entered into between Ditech and BP Fisher which provides that "[v]enue for litigation of any and all disputes arising from, or related to, any of the rights or obligations of any parties to this Agreement be the State and County where the Law Firm has its primary place of business."[1]

## PARTIES

4.      Ditech is a Delaware limited liability company with its principal office located in Fort Washington, Pennsylvania. Ditech is registered to do business in Maryland. Ditech is a diversified financial services company.

---

[1] Ditech's LSA with BP Fisher is protected by the attorney-client privilege and is considered to contain confidential, proprietary and trade secret information for Ditech. As such, Ditech is not attaching the LSA at issue to its Complaint, but will provide same to BP Fisher or the individual defendants upon request and pursuant to a protective order. Ditech will also provide the LSA either *in camera* or under seal at the Court's request.

5.     BP Fisher is a Maryland limited liability partnership doing business throughout Maryland and located in Prince George's County. At all times relevant to this Complaint, BP Fisher has been a law firm engaged by Ditech to provide legal services in Maryland and elsewhere.

6.     Andrew R. Corcoran ("Corcoran") is an adult citizen of the State of Maryland residing in Montgomery County. Corcoran is a licensed attorney and Administrative Office Manager of BP Fisher.

7.     Shannon B. Kreshtool ("Kreshtool") is an adult citizen of the State of Maryland residing in Baltimore County. Kreshtool is a licensed attorney and Managing Attorney of BP Fisher.

8.     Plutos Sama, LLC ("Plutos") is a Delaware limited liability company headquartered in California whose owners are all licensed attorneys. Upon information and belief, Plutos and its chairman and founder Matthew Browndorf, own and otherwise control BP Fisher.

## INTRODUCTION

9.     Ditech brings the Complaint against its former attorneys Corcoran and Kreshtool (collectively "Law Partners") and their firm BP Fisher and its owner Plutos to recover client funds misappropriated or otherwise improperly withheld from Ditech.

10.     During the course of Ditech's representation by BP Fisher, the Law Firm, Plutos and the Law Partners ("Defendants") committed malpractice and engaged in actionable conduct. Defendants regularly placed their interests above Ditech's interests. Defendants mismanaged trust accounts containing funds belonging to Ditech resulting in the misappropriation of more than $2.1 million of Ditech's money. Rather than disclose their mismanagement and wrongful conduct, Defendants failed to communicate with, and made overt misrepresentations to, Ditech.

3

11.     In this action, Ditech seeks to recover the funds that Defendants mismanaged and misappropriated. Ditech seeks to establish that any legal fees currently being claimed by the Defendants are offset by the Defendants' misconduct and, in any case, such fees are improper, unreasonable and unconscionable. Ditech further seeks to establish that, because of the breach of Defendants' ethical, fiduciary and statutory obligations to Ditech, Defendants should be required to disgorge and forfeit their right to any fees.

12.     Ditech also alleges that Defendants disregarded corporate formalities, intermingled business and personal assets, and used the limited liability partnership to promote their fraudulent activities, failed to maintain corporate records, were thinly capitalized and that Plutos and the Law Partners failed to play a functioning role with respect to the operations of BP Fisher. Additionally, and as further alleged herein, Plutos and the Law Partners benefitted personally from the wrongful conduct alleged herein, including using misappropriated or improperly withheld funds for improper purposes. Ditech seeks to recover any and all damages, including compensatory damages and costs incurred by Ditech due to the Defendants' misconduct as well as attorneys' fees and punitive damages for the Defendants' wanton and willful violation of law.

## CONDITIONS PRECEDENT

13.     All conditions precedent to this action have occurred, have been waived, have been otherwise excused or have been averred specifically in the Complaint.

## FACTUAL ALLEGATIONS

14.     Ditech retained BP Fisher and the Law Partners to conduct residential foreclosures and other default related legal services in Maryland and in other jurisdictions for a number of years.

4

15. In connection with the legal services that BP Fisher and the Law Partners provided to Ditech, BP Fisher would send invoices to Ditech for services rendered and Ditech would pay BP Fisher directly.

16. Ditech relied on updates and advice from BP Fisher and the Law Partners in making business and legal decisions relating to: (a) the defaults, foreclosures, bankruptcies or evictions handled by BP Fisher, (b) the amounts and safekeeping of proceeds collected on any of those files, and (c) decisions relating to whether to continue to retain BP Fisher to handle those files.

*The May 11, 2016 Legal Services Agreement between Ditech and BP Fisher*

17. On May 11, 2016, Ditech and BP Fisher entered into the LSA whereby Ditech retained BP Fisher to provide default related services in connection with the processing of foreclosure, bankruptcy and/or eviction actions in Maryland and elsewhere.

18. Under the LSA, BP Fisher is required to provide legal services in accordance with the terms of the LSA and to comply with its duties under applicable law. (LSA ¶ 2.1).

19. Under the LSA, BP Fisher is required to perform all services in accordance with applicable federal, state and local law and practice. (LSA ¶ 3.5).

20. Under the LSA, BP Fisher is required to identify any actual or potential conflicts of interest and to disclose all conflicts of interest to Ditech. (LSA ¶¶ 3.15, 3.16, 3.29(l)).

21. Under the LSA, BP Fisher is required to perform all services in a timely and professional manner in accordance with the highest standards. (LSA ¶ 4.1(p)).

22. Under the LSA, BP Fisher is required to maintain current and accurate files and ensure that these files are available to Ditech at all times. (LSA ¶¶ 12.5, 21.5).

23. Under the LSA, BP Fisher is required to promptly remedy any breach and mitigate damages or the circumstances giving rise to the breach without charge to Ditech. (LSA ¶ 16.3).

5

24.     Under the LSA, BP Fisher is required to maintain adequate resources, including financial and physical resources, to handle its current and projected workload and to fully perform its obligations. (LSA ¶¶ 3.31, 4.10).

25.     Under the LSA, BP Fisher is required to indemnify Ditech for any and all losses arising out of BP Fisher's violation of any legal requirements, BP Fisher's negligence, intentional act or omission, or breach of the LSA. (LSA ¶¶ 16.1, 16.1(b), 16.1(g)).

26.     Under the LSA, BP Fisher is required to indemnify Ditech against any mistakes, errors or omissions to the extent attributable to BP Fisher or to any law firm party. (LSA ¶ 16.1(j)).

27.     Under the LSA, Ditech may set-off the amount of any liability of BP Fisher to Ditech against any sum otherwise due to BP Fisher. (LSA ¶ 17).

### Mismanagement of Ditech Funds by BP Fisher and the Law Partners

28.     In relation to the legal services that BP Fisher and the Law Partners provided to Ditech under the LSA, BP Fisher collected proceeds belonging to Ditech (*e.g.*, from the sale of foreclosed properties) and should have deposited those proceeds ("Third Party Funds") in interest-bearing trust accounts, known as Interest On Lawyer Trust Accounts (IOLTA) or client trust accounts.

29.     Over the last several months Ditech has become concerned with BP Fisher's untimeliness and failure to process and disburse Third Party Funds to Ditech per the LSA.

30.     Ditech has made multiple and repeated attempts to address this issue with BP Fisher and the Law Partners to no avail.

31.     Ditech contacted Corcoran on September 12, 2018 via email. Corcoran advised that ten (10) checks in the amount of $ 1,529,892.42 had been mailed to Ditech on September 7, 2018 (the "September 7 Checks"). **EXHIBIT A.** A copy of the checks and the closing packages

were provided by BP Fisher and Corcoran. BP Fisher and Corcoran provided tracking information for the checks to Ditech, but the tracking information was invalid.

32.　On September 13, 2018, Ditech and Corcoran exchanged additional emails attached hereto as **EXHIBIT B.** At this time Corcoran committed BP Fisher to payment of reasonable delay damages to Ditech given the delay in disbursement of Third Party Funds on the subject loans. *Id.*

33.　By September 14, 2018, Ditech had still not received the ten (10) checks BP Fisher and Corcoran claimed to have mailed to Ditech on September 7, 2018. Ditech demanded BP Fisher and Corcoran wire the funds for the ten (10) checks. Due to alleged operational issues related to employee turnover, failure to have proper wire processes in place, and various other excuses, BP Fisher agreed to reissue and hand-deliver the checks to Ditech in Fort Washington, Pennsylvania the next business day. **EXHIBIT C.**

34.　Corcoran hand-delivered nine (9) of the original (10) checks to Ditech in Fort Washington, Pennsylvania on September 17, 2018 (the "September 17 Checks"). These checks totaled $1,282,396.81. **EXHIBIT D.**

35.　Ditech subsequently alerted Corcoran and BP Fisher to nine (9) <u>additional</u> files that were overdue for disbursement of Third Party Funds to Ditech. *Id.*

36.　Corcoran and BP Fisher provided information that two (2) of the nine (9) <u>additional</u> files had not been closed; leaving seven (7) <u>additional</u> files to be disbursed. **EXHIBIT E.**

37.　On September 26, 2018, BP Fisher and Corcoran wired Ditech $89,513.53 for satisfaction of one (1) of the seven (7) <u>additional</u> loans. ("the September 26 Wire"). **EXHIBIT F**

38.     BP Fisher overnighted the remaining six (6) checks totaling $822,156.09 to Ditech's Tempe, Arizona processing office. Those checks were received by September 27, 2018. (the "September 27 Checks").

39.     All of the September 7 Checks, the September 17 Checks and the September 27 checks have been returned to Ditech as "Not Sufficient Funds" or "Stop Payment."

40.     By BP Fisher's own calculations, as indicated on the face of the bad checks it has delivered to Ditech, BP Fisher, Plutos and the Law Partners are improperly holding or have misappropriated between $ 2,104,552.90 and $2,352,048.51 in Third Party Funds payable to Ditech. The misappropriated or improperly held Third Party Funds have been in BP Fisher's possession and allegedly in their IOLTA account since *as early as 2016*, yet BP Fisher has provided absolutely no justification for why these Third Party Funds were not properly disbursed to Ditech years ago and why they cannot be properly and immediately disbursed now.

41.     Ditech sent a formal demand letter ("Demand Letter") for the unpaid and overdue Third Party Funds to BP Fisher and the Law Partners on October 19, 2018. The Demand Letter requested a wire for all overdue funds by October 22, 2018.   **EXHIBIT G.**[2]

42.     Corcoran provided inadequate email responses on the evening of October 19, 2018 and afternoon of October 22, 2018.   **EXHIBITS H & I.** In his October 22, 2018 email, Corcoran again represented that BP Fisher "…has the funds…" *Id.* Nonetheless, no wire or any other form of payment has been received by Ditech as of the filing of the Complaint.

43.     Upon information and belief, BP Fisher and the Law Partners and affiliated entities are under financial duress.

---

[2] Exhibits A & B to the Demand Letter are withheld from this filing as they contain borrower-specific information.

44.     Upon information and belief, BP Fisher is thinly capitalized and the Law Firm, Plutos and the Law Partners have used, or may be tempted to use, funds entrusted to them by their clients to provide the capital necessary to support the operating expenses of the Law Firm.

45.     Upon information and belief, BP Fisher, Plutos and the Law Partners have co-mingled their funds with client IOLTA funds.

46.     Upon information and belief, Defendants disregarded their corporate positions, as evidenced by their failure to supervise BP Fisher's operations.

47.     The misuse of client funds and misappropriation of property belonging to a client is in direct violation Maryland Attorneys' Rules of Professional Conduct and Attorney Trust Accounts and the rules of professional conduct governing lawyer conduct in all other states. Defendants violated their duty to avoid any conflict of interest (*i.e.*, the lawyer's own interests should not be permitted to have an adverse effect on representation of a client. For example, a lawyer's need for income should not lead the lawyer to act imprudently), as well as the covenants contained in the LSA.

48.     BP Fisher and the Law Partners have failed to communicate openly, honestly or promptly with Ditech concerning the Third Party Funds and Ditech's reasonable requests for information.

### FIRST CAUSE OF ACTION
### (LEGAL MALPRACTICE AGAINST ALL DEFENDANTS)

49.     Ditech repeats and realleges the allegations of the previous paragraphs of the Complaint as if fully restated herein.

50.     At all times pertinent herein, Ditech retained BP Fisher as counsel pursuant to the LSA and relied on BP Fisher, Plutos and the Law Partners for legal advice and counsel. Defendants were obligated by the attorney-client relationship to fully, fairly and competently

9

represent Ditech in all respects. At all times herein, Ditech believed that it could rely on Defendants for legal advice. Indeed, BP Fisher, including the Law Partners, held themselves out as experts in the legal matters for which they represented Ditech.

51.     At all times during the period of Ditech's representation by BP Fisher, Plutos and the Law Partners were obligated by the attorney-client relationship to deal fairly, justly and honestly with Ditech and to place Ditech's interests before their own interests. The duty of honesty required BP Fisher, Plutos and the Law Partners to not only avoid making untrue or misleading statements, but to disclose all information reasonably necessary for Ditech to make informed decisions. Ditech, Plutos and the Law Partners were further bound by the Rules of Professional Conduct in all states in which they provided legal services or were licensed.

52.     During the period of representation, BP Fisher, Plutos and the Law Partners failed to exercise reasonable care, skill and diligence in performing legal services for Ditech and were negligent in their management of the trust account(s) holding Ditech's funds. BP Fisher, Plutos and the Law Partners failed to segregate client funds, co-mingled client funds and operating accounts of BP Fisher, used client funds to pay salaries and other remuneration of the Law Partners, Plutos and others.

53.     Additionally, during the period of representation, BP Fisher, Plutos and the Law Partners breached their attorney-client and ethical duties to Ditech by failing to communicate, failing to supervise, and failing to report misconduct when discovered. BP Fisher, Plutos and the Law Partners also made affirmative misrepresentations and fraudulent statements to Ditech, failed to disclose and purposefully withheld material information from Ditech, and placed their own interests before those of Ditech.

54.     BP Fisher's, Plutos' and the Law Partners' conduct as set forth above was a proximate cause of substantial and actual economic loss and damage to Ditech, including the loss of Ditech's funds from BP Fisher's IOLTA accounts.

## SECOND CAUSE OF ACTION
## (BREACH OF CONTRACT AGAINST BP FISHER)

55.     Ditech repeats and realleges the allegations of the previous paragraphs of the Complaint as if fully restated herein.

56.     On May 11, 2016, Ditech and BP Fisher entered into the LSA, which governed the default related legal services that BP Fisher provided to Ditech.

57.     Under the LSA, BP Fisher agreed to perform services competently and professionally in accordance with the highest standards, comply with the applicable law and practice, disclose all conflicts of interest, perform services timely, maintain current and accurate files available to Ditech, remedy any breach of the LSA and mitigate damages to Ditech, and maintain adequate resources, including financial and physical resources, to handle its workload and perform its obligations.

58.     Without limitation, BP Fisher has breached the LSA, and violated each of the covenants, representations and warranties listed above. Among other things,

> (a)     by virtue of BP Fisher's mismanagement and misappropriation and/or withholding of at least $2.1 million in funds owed to Ditech;

> (b)     by failing to disclose and purposefully withholding material information from Ditech;

> (c)     by failing to escalate important issues, such as the missing funds and BP Fisher's financial duress to Ditech;

> (d)     by failing to disclose conflicts of interests that arose by virtue of the financial difficulties experienced by BP Fisher, its attorneys and the Law Partners;

> (e)     by violating the Rules of Professional Conduct governing attorneys;

11

(f)      by violating state and federal law, ethical requirements, and other regulations including misappropriating property belonging to Ditech;

(g)      by failing to maintain current and accurate files available to Ditech;

(h)      by failing to maintain adequate resources to handle its workload and perform its obligations; and

(i)      by failing to remedy its breaches and mitigate by paying over the Third Party Funds owed to Ditech.

59.      Ditech has incurred damages and will continue to incur damages as a result of the breach. Indeed, BP Fisher has already expressly agreed that it breached the LSA and admitted to damages by agreeing to the payment of reasonable delay damages to Ditech given its failure to disburse the Third Party Funds on the subject loans. **EXHIBIT B.**

60.      Pursuant to the LSA, BP Fisher agreed to pay all reasonable attorneys' fees and costs for any loss, damage, expense, harm or injury incurred by Ditech arising out of BP Fisher's acts or omissions under the LSA or pursuant to BP Fisher's services on behalf of Ditech.

61.      Under the LSA, Ditech also has the contractual right to set-off Law Firm's liability to Ditech against any sum otherwise due Law Firm.

### THIRD CAUSE OF ACTION
### (INDEMNITY AGAINST BP FISHER)

62.      Ditech repeats and realleges the allegations of the previous paragraphs of the Complaint as if fully restated herein.

63.      Under the LSA, BP Fisher agreed to hold harmless and indemnify Ditech for any and all loss, cost, expense (including reasonable attorneys' fees and expenses) related to any act or omission of BP Fisher under the LSA or in connection with any services provided on behalf of Ditech. Ditech has and will incur loss, cost, and expense by virtue of BP Fisher's acts and omissions under the LSA and pursuant to its representation of Ditech.

12

## FOURTH CAUSE OF ACTION
## (CONVERSION AGAINST ALL DEFENDANTS)

64.     Ditech repeats and realleges the allegations of the previous paragraphs of the Complaint as if fully restated herein.

65.     At all times material hereto, BP Fisher, Plutos and the Law Partners knowingly converted money from Ditech by transferring and utilizing Ditech's funds in the Law Firm's IOLTA account to pay for expenses of the Law Firm, Plutos and the Law Partners.

66.     BP Fisher, Plutos and the Law Partners converted Ditech's property with the intent to either temporarily or permanently deprive Ditech of a right to the property and BP Fisher, Plutos and the Law Partners appropriated the property to their own use.

67.     Defendants wrongfully asserted dominion over Ditech's property, which was illegal and inconsistent with Ditech's possessory rights in the property.

68.     As a direct and proximate result of Defendants' activities, Ditech has been injured.

## FIFTH CAUSE OF ACTION
## (ACTION FOR ACCOUNTING AGAINST ALL DEFENDANTS)

69.     Ditech repeats and realleges the allegations of the previous paragraphs of the Complaint as if fully restated herein.

70.     The amount of money due from BP Fisher, Plutos and the Law Partners to Ditech is unknown to Ditech and cannot be ascertained without an accounting of the receipts, invoices, disbursements, IOLTA account statements and accounting of funds collected on behalf of Ditech. Ditech herein also requests that BP Fisher, Plutos and the Law Partners provide an accounting, performed by an independent third party, and turn over all documents for an accounting of firm accounts, including all of its operating accounts and its IOLTA accounts.

13

71.   The full amount of funds misappropriated or improperly held by BP Fisher, Plutos and the Law Partners cannot be ascertained without an accounting of the receipts, invoices, disbursements, IOLTA account statements and accounting of funds collected on behalf of Ditech. Ditech herein also requests that BP Fisher, Plutos and the Law Partners provide an accounting of all firm accounts, including all of its operating accounts and its IOLTA accounts.

## SIXTH CAUSE OF ACTION
### (FRAUD AND MISREPRESENTATION AGAINST ALL DEFENDANTS)

72.   Ditech repeats and realleges the allegations of the previous paragraphs of the Complaint as if fully restated herein.

73.   This is an action for damages for common law fraud.

74.   BP Fisher, Plutos and each of the Law Partners played an active role in the fraud as alleged below.

75.   Upon information and belief, BP Fisher, Plutos and the Law Partners, knowingly or with reckless indifference, took funds belonging to Ditech out of the Law Firm's IOLTA account(s) and used those monies to fund the day-to-day operating expenses of BP Fisher or Plutos or for other inappropriate, unlawful and/or unethical purposes.

76.   Between September 7, 2018 and the date of filing this Complaint, through frequent email correspondence, telephone contact and in person contact between Ditech, BP Fisher and the Law Partners, Defendants misrepresented a material fact, namely that BP Fisher had possession of and was safeguarding Ditech's Third Party Funds in the Law Firm's IOLTA account. This misrepresentation is evidenced by BP Fisher and the Law Partners, on multiple occasions, presenting over $ 2 million in checks drawn on BP Fisher's IOLTA account for Third Party Funds due Ditech - - specifically the September 7 Checks, the September 17 Checks, and the September 27 Checks - - which have been returned as "Not-Sufficient Funds" or "Stop Payment." BP Fisher,

14

Plutos and the Law Partners knew, or should have known, that the bad checks given to Ditech on multiple occasions constituted false and misleading statements.

77.    By these and other actions, BP Fisher, Plutos and the Law Partners intended to induce Ditech and Ditech justifiably relied on these representations, to continue its relationship with BP Fisher and the Law Partners.

78.    As a direct and proximate result of Defendants activities, Ditech has suffered damages in an amount to be determined at trial.

**SEVENTH CAUSE OF ACTION**
**(FRAUD BY CONCEALMENT AGAINST ALL DEFENDANTS)**

79.    Ditech repeats and realleges the allegations of the previous paragraphs of the Complaint as if fully restated herein.

80.    This is an action for damages for fraud by suppression.

81.    BP Fisher, Plutos and the Law Partners played an active role in the fraud as alleged herein.

82.    At all times material hereto, BP Fisher, Plutos and the Law Partners owed a duty of candor as a result of the fiduciary relationship between lawyer and client. Despite this duty, BP Fisher, Plutos and the Law Partners concealed material facts, including the misuse and/or misappropriation of IOLTA funds in 2018 and, most likely, years earlier.

83.    BP Fisher, Plutos and the Law Partners suppressed a material fact, namely that Ditech's IOLTA funds were lost, in jeopardy or otherwise improperly deployed by the Defendants.

84.    Upon information and belief, BP Fisher, Plutos and the Law Partners pursued courses of conduct, resulting in injury to Ditech, including using IOLTA funds to fund the Law Firm's day-to-day operating expenses and partner compensation despite knowledge that BP Fisher was experiencing financial difficulties and would be unable to replenish the IOLTA accounts.

15

85.     Further, BP Fisher, Plutos and the Law Partners intentionally and with wanton disregard for its client's interest, concealed and failed to disclose a material fact essential to Ditech's decision making in the period prior to this lawsuit, including the concealment and failure to disclose the misappropriated and missing IOLTA funds.

86.     BP Fisher, Plutos and the Law Partners concealed and failed to disclose this material fact with knowledge of the effect and harm to Ditech the concealment of this material fact would cause.

87.     BP Fisher, Plutos and the Law Partners intended to induce Ditech and Ditech justifiably relied on Defendants' concealment, to continue its relationship with BP Fisher by virtue of Defendants' concealing and failing to disclose the misappropriation of IOLTA funds.

88.     As a direct and proximate result of Defendants' activities, Ditech has suffered damages in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
### (NEGLIGENCE AGAINST ALL DEFENDANTS)

89.     Ditech repeats and realleges the allegations of the previous paragraphs of the Complaint as if fully restated herein.

90.     At all times material hereto, Defendants owed a fiduciary duty and a duty of due care pursuant to the attorney client relationship.

91.     Despite this duty, Defendants misappropriated and mismanaged IOLTA funds, concealed material facts, failed to inform Ditech of important issues, failed to disclose conflicts of interests that arose by virtue of the financial difficulties experienced by BP Fisher, failed to safeguard Ditech's property, files and information, failed to disclose and purposefully withheld material information from Ditech, and otherwise failed as a law firm and as lawyers. These acts and omissions are not compatible with the standard of care exercised by law firms or their partners.

16

92.     The acts and omissions listed above were the proximate and actual cause of damage of Ditech, including the loss of more than $2.1 million in IOLTA funds.

93.     Ditech has been damaged in an amount to be proven at trial.

## NINTH CAUSE OF ACTION
## (INJUNCTIVE RELIEF AGAINST ALL DEFENANTS)

94.     Ditech repeats and realleges the allegations of the previous paragraphs of the Complaint as if fully restated herein.

95.     By refusing to remit millions of dollars of funds owed to Ditech, BP Fisher, Plutos and the Law Partners have forced the filing of this Complaint and raised the probability that some or all of the Third Party Funds have been misappropriated or otherwise squandered for improper purposes.

96.     This state of affairs threatens the status quo as the subject funds should be segregated and secure in an IOLTA account.

97.     Ditech respectfully requests an injunction freezing BP Fisher's and the Law Partners' IOLTA accounts, operating accounts and any other financial accounts until such time as an accounting can be had and any remaining Ditech funds be segregated and secured pending the outcome of this litigation.

98.     An injunction would serve the public interest by protecting the sanctity of attorney trust accounts.

99.     The benefit to Ditech in obtaining the injunction far outweighs the potential harm, if any, which the Defendants would incur were the injunction granted.     In its pre-suit correspondence with Ditech, BP Fisher and the Law Partners have conceded the Third Party Funds are owed to Ditech. They would not be harmed by protecting those funds.

17

100.    If an injunction does not issue, further misuse and/or misappropriation of Ditech's funds by Defendants would frustrate this Court's ability to award fair relief to Ditech.

101.    By a contemporaneously filed motion, Ditech requests a temporary restraining order to prevent immediate, irreparable harm that will occur if the Defendants retain control over Ditech's funds.

102.    Without the entry of a temporary restraining order, the status quo cannot be maintained.

103.    As demonstrated more fully in the contemporaneously-filed motion for temporary restraining order, the relevant factors for granting injunctive relief weigh in favor of Ditech because Ditech is likely to succeed on the merits, it will be irreparably harmed if the injunction is not granted, the balance of convenience weights in favor of Ditech and an injunction is in the public interest.

104.    Ditech respectfully requests that any bond required be determined by this Court at the time the request for a temporary restraining order is adjudicated.

### TENTH CAUSE OF ACTION
### (CONSTRUCTIVE FRAUD AGAINST ALL DEFENANTS)

105.    Ditech repeats and realleges the allegations of the previous paragraphs of the Complaint as if fully restated herein.

106.    By virtue of Defendants' positions as attorneys for Ditech, and pursuant to the LSA, Defendants owed fiduciary duties to Ditech. Ditech reposed trust and confidence in Defendants who oversaw or otherwise had control and influence over Third Party Funds collected on behalf of Ditech.

107.    Among the fiduciary duties owed by Defendants to Ditech was to ensure that Third Party Funds were properly collected, accounted for, and promptly disbursed to Ditech.

18

108. Defendants also had a duty to supervise operations at the Law Firm to ensure accounting practices were properly followed and to inform Ditech of any material information related to the Third Party Funds, defaults, foreclosures, bankruptcies or evictions handled by BP Fisher.

109. Defendants owed the fiduciary duty to prevent Third Party Funds from being diverted, misappropriated, or otherwise misused and to inform Ditech if any such event occurred.

110. Defendants breached their fiduciary duties intentionally, with malice, and/or reckless disregard for Ditech's rights by ignoring the operations of the Law Firm and the accounting of Third Party Funds, and by failing to ensure the disbursement of Third Party Funds and preventing the diversion of Third Party Funds. In Defendants' breaches of their fiduciary duties to Ditech, Defendants acted willfully and contrary to the best interests of Ditech.

111. As a result of the breaches of Defendants' fiduciary duties, Ditech suffered damages.

**WHEREFORE DITECH** prays that:

1. It be awarded injunctive relief protecting the Third Party Funds;

2. It be awarded compensatory and punitive damages in an amount to be proved at trial, but which exceeds $75,000;

3. It be awarded an accounting against BP Fisher, Plutos and the Law Partners;

4. It be awarded attorneys' fees and costs for BP Fisher's breach of the LSA;

5. It be awarded an amount of compensatory damages which exceeds $75,000 and equal to the amount of funds misappropriated from the IOLTA accounts, plus reasonable delay and/or ancillary damages;

6. It be awarded an indemnity judgment if necessary; and

7. An award of such further and other relief as this Court deems just and appropriate.

DATED this 26th day of October, 2018.

19

## VERIFICATION

I solemnly affirm under penalties of perjury that the contents of the foregoing Verified

Complaint are true to the best of my knowledge, information, and belief.

DITECH FINANCIAL LLC

By: _____

_Whitney Wince_

_Assistant Vice President_

Date: _10/25/2018_

Dated: October 26, 2018

Respectfully submitted,

_____

T. Sky Woodward
Andrew J. Narod
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street, NW
Suite 1350
Washington, DC 20036
(202) 719-8214
(202) 719-8314
swoodward@bradley.com

D. Brian O'Dell (to be admitted *Pro Hac Vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 5th Avenue N
Birmingham, AL 35203
(205) 521-8226
(205) 488-6226
bodell@bradley.com

## RULE 1-313 CERTIFICATION OF OUT-OF-STATE ATTORNEY

Pursuant to Maryland Rule 1-313, I, T. Sky Woodward, certify on this 26th day of

October 2018, that I am admitted to practice law in the State of Maryland and am in good

standing.

T. Sky Woodward
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street, NW
Suite 1350
Washington, DC 20036
(202) 719-8214
(202) 719-8314
swoodward@bradley.com

## RULE 20-201 CERTIFICATION

I, T. Sky Woodward, hereby certify that the attached filing does not contain any restricted

information, pursuant to Maryland Rule 20-201(f).

Respectfully submitted,

T. Sky Woodward
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street, NW
Suite 1350
Washington, DC 20036
(202) 719-8214
(202) 719-8314
swoodward@bradley.com

*Counsel for Ditech Financial LLC*

21

**RULE 1-313 CERTIFICATION OF OUT-OF-STATE ATTORNEY**

Pursuant to Maryland Rule 1-313, I, Andrew J. Narod, certify on this 26th day of October

2018, that I am admitted to practice law in the State of Maryland and am in good standing.

Andrew J. Narod
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street, NW
Suite 1350
Washington, DC 20036
(202) 719-8271
(202) 719-8371
anarod@bradley.com


**RULE 1-313 CERTIFICATION OF OUT-OF-STATE ATTORNEY**

Pursuant to Maryland Rule 1-313, I, Joshua Dhyani, certify on this 26th day of October

2018, that I am admitted to practice law in the State of Maryland and am in good standing.

Joshua Dhyani
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street, NW
Suite 1350
Washington, DC 20036
(202) 719-8265
(202) 719-8365
jdhyani@bradley.com

# Exhibit "A"

| From: | O'Dell, Brian |
|---|---|
| Sent: | Wednesday, September 12, 2018 4:28 PM |
| To: | Andrew Corcoran |
| Subject: | RE: Ditech Funds |

Andrew,

Ditech confirmed that this information was updated today in LPS. However, Ditech has searched the tracking numbers of each account in UPS, FedEx and USPS systems and none of the tracking numbers were valid. Ditech has also checked with its Payment Processing Department and nothing has been received for the accounts listed. Did the firm send these funds USPS? It is important that we find out where these checks are. Thank you.

--Brian

**From:** Andrew Corcoran [acorcoran@bplawgroup.com]
**Sent:** Wednesday, September 12, 2018 3:33 PM
**To:** O'Dell, Brian
**Subject:** RE: Ditech Funds

**[External Email]**

Brian,

Thank you for your email and for taking the time to discuss this matter with me earlier. I have attached the packages for the 10 third party sales proceeds that were already sent out. This should have all the information requested below with respect to those files with the exception of the tracking information. Unfortunately I was tied up in meetings all afternoon and the staff member that has the tracking information has already left for the day BUT I called her and confirmed that this information was loaded onto LPS so Ditech should have that information now (I can send that to you separately as well first thing tomorrow morning if you would like).

I will try to get you a response as to your 5th question below as soon as I can.

Best,
Andrew

Andrew R. Corcoran
Administrative Office Manager
*(Admitted in Maryland, New York and DC only)*
BP Fisher Law Group, LLP
174 Waterfront Street, Suite 400
(ALL DELIVERIES TO SUITE 300)
National Harbor, MD 20745
Main:     (301) 599-7700
Fax:     (301) 599-2100

**BP·FISHER**
LAW GROUP

1

This firm is the creditor's attorney and is attempting to collect a debt on its behalf. Any information obtained will be used for that purpose.

*This e-mail is intended solely for the person or entity to which it is addressed and may contain confidential and/or privileged information. Any review, dissemination, copying, printing or other use of this e-mail by persons or entities other than the addressee is prohibited. If you have received this e-mail in error, please contact the sender immediately and delete the material from any computer without retaining any copies of it.*

**From:** O'Dell, Brian [mailto:bodell@bradley.com]
**Sent:** Wednesday, September 12, 2018 1:42 PM
**To:** Andrew Corcoran <acorcoran@bplawgroup.com>
**Subject:** Ditech Funds
**Importance:** High

Andrew,

After our teleconference I had a subsequent teleconference with Ditech. They are going to check LoanSphere again for the certified mail information, but as of Monday, September 10, they did not believe those had been uploaded. Furthermore, they corresponded with Marie from your office on Monday about these issues who informed them that the issue had been "escalated to management."

I want to again stress that holding client funds for 800+ days is an issue that Ditech (and any servicer for that matter) takes very seriously. As I stated on our teleconference, the firm being able to provide information in real time is very important as Ditech is making decisions about how to proceed. At this point, I think it would be beneficial for the firm to provide me immediately via email the following:

1.  Copies of certified mail and the checks for ten third party sales that were mailed to Ditech on Friday, September 8, 2018.
2.  The address the checks were mailed.
3.  A list of the ten loans the checks will resolve.
4.  Ditech shows 18 total loans where BP Fisher has third party funds. Once I have (3) above, I will provide you the list of the remaining eight loans at issue.
5.  An immediate answer from BP Fisher whether it is the firm's position that it has to hold third party funds until an audit is confirmed, especially in situations where the firm has not been diligent or timely in submitting the confirmation.

Thank you, and please let me know of any questions.

**D. Brian O'Dell**
Partner
e: bodell@bradley.com w: bradley.com
d: 205.521.8226 f: 205.488.6226
Bradley Arant Boult Cummings LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119

LinkedIn | Facebook | Twitter | Instagram | Blogs | My Bio

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.

# Exhibit "B"

From: Andrew Corcoran [mailto:acorcoran@bplawgroup.com]
Sent: Thursday, September 13, 2018 11:49 AM
To: O'Dell, Brian <bodell@bradley.com>
Subject: RE: Ditech Funds

[External Email]

Brian,

I wanted to follow up with you regarding the files where the audit is not yet ratified. As I stated to you our general practice and policy is to wait for the audit to be ratified before disbursing proceeds. We believe that is the best policy and will continue to do that going forward. However, given the circumstances with respect to these limited files and in the interest of cooperation we are willing to make an exception here to our normal practice of not disbursing funds until the audit is ratified and will disburse proceeds for files so long as the final audit has been filed with the court by the auditor. However, I want to first have our attorneys and staff here review each of these files and speak with the auditors to determine if they foresee any file specific issues. I don't think this will cause any issues but I want to make sure this review is done since we are deviating from our normal practice. This should not take long but we do have a couple of key staff members out this week for vacation and some staff members live in areas that are likely to be impacted by Hurricane Florence so we will likely need about a week to get this done. Once they have conducted a detailed review of these files, spoken with the auditors and confirmed that a final audit has been filed in each case we will send the proceeds out subject of course to the agreement that Ditech will return any funds as necessary if the Court does not ratify the currently filed audits in their entirety for any reason.

In addition, please note that given the internal delays associated with these files we are also willing to provide reasonable delay damages to Ditech to ensure that they are not penalized as a result of our own transitory internal restructuring issues. While we would remind Ditech that part of our restructuring and downsizing was actually the result of Ditech pulling all of their presale files right after the firm's acquisition – something that I understand Fannie advised against but they did nonetheless thereby causing considerable albeit temporary harm to the firm during a critical time – we recognize that neither Ditech or Fannie should be harmed as a result of our internal issues and our primary intent is obviously to repair this relationship.

I hope this is acceptable to you and resolves this issue for your client. We hope that you understand we are simply trying to work with your client to repair this relationship going forward. If this is not acceptable we are also happy to work with your client to firm transfer these files and wire the trust funds to new counsel. We don't believe that is necessary or in anyone's best interest as it will likely only cause further and significant delays while new counsel is substituted into the cases but obviously that is your client's right and decision.

Please let me know if you would like to discuss this further or if you have any questions.

Best,
Andrew

Andrew R. Corcoran
Administrative Office Manager
*(Admitted in Maryland, New York and DC only)*
BP Fisher Law Group, LLP
174 Waterfront Street, Suite 400
(ALL DELIVERIES TO SUITE 300)
National Harbor, MD 20745
Main:        (301) 599-7700
Fax:          (301) 599-2100



2

This firm is the creditor's attorney and is attempting to collect a debt on its behalf. Any information obtained will be used for that purpose.

*This e-mail is intended solely for the person or entity to which it is addressed and may contain confidential and/or privileged information. Any review, dissemination, copying, printing or other use of this e-mail by persons or entities other than the addressee is prohibited. If you have received this e-mail in error, please contact the sender immediately and delete the material from any computer without retaining any copies of it.*

# Exhibit "C"

**From:**        O'Dell, Brian
**Sent:**        Saturday, September 15, 2018 7:11 AM
**To:**        Andrew Corcoran
**Subject:**        Re: Ditech Funds

Andrew,

Thank you for the email. My client stated that they should either have the checks in their possession on Monday or have the wire received on Monday and the firm can stop payment on the checks. They will provide the firm until 5 pm EST Monday to complete either of these options but will not wait until Tuesday. I will provide wiring instructions Monday morning.

Thank you.

Sent from my iPhone

On Sep 14, 2018, at 6:15 PM, Andrew Corcoran <acorcoran@bplawgroup.com> wrote:

> Brian, thank you for the call and email. As I indicated during our call I am traveling tonight but will work with my staff to see if we can determine why the disbursement packages are not tracking and have not been delivered and hopefully just resolve that issue as that is obviously the easiest solution. However, as discussed should that not be resolved to your client's satisfaction I will work with my staff to get all of the disbursement checks stopped and coordinate to have wires sent out instead by the end of the day Monday. Please let me know if you would like to discuss further.
>
> Best,
> Andrew
>
> Andrew R. Corcoran
> Administrative Office Manager
> *Not Admitted to Practice in Maryland*
> *(Admitted in New York and DC only)*
> BP Fisher Law Group, LLP
> 174 Waterfront Street, Suite 400
> (ALL DELIVERIES TO SUITE 300)
> National Harbor, MD 20745
> Main:      (301) 599-7700
> Fax:      (301) 599-2100
>
> **This firm is the creditor's attorney and is attempting to collect a debt on its behalf. Any information obtained will be used for that purpose.**
>
> *This e-mail is intended solely for the person or entity to which it is addressed and may contain confidential and/or privileged information. Any review, dissemination, copying, printing or other use of this e-mail by persons or entities other than the addressee is prohibited. If you*

*have received this e-mail in error, please contact the sender immediately and delete the material from any computer without retaining any copies of it.*

On Sep 14, 2018, at 6:27 PM, O'Dell, Brian <bodell@bradley.com> wrote:

Andrew,

We need to talk tonight or tomorrow if possible. It is urgent. 205-306-8205.

Sent from my iPhone

On Sep 14, 2018, at 3:42 PM, Andrew Corcoran
<acorcoran@bplawgroup.com<mailto:acorcoran@bplawgroup.com>> wrote:

Brian, thank you for the update, I would have thought they would be delivered by today as well but hopefully they just arrive Monday. In any case, I will look into this on this end as well and let you know if I find anything out. Otherwise, I agree we should circle back the end of the day Monday or early Tuesday if this has not been resolved.

Have a great weekend,
Andrew

Andrew R. Corcoran
Administrative Office Manager
(Admitted in Maryland, New York and DC only)
BP Fisher Law Group, LLP
174 Waterfront Street, Suite 400
(ALL DELIVERIES TO SUITE 300)
National Harbor, MD 20745
Main:          (301) 599-7700
Fax:            (301) 599-2100
<image003.png>

This firm is the creditor's attorney and is attempting to collect a debt on its behalf. Any information obtained will be used for that purpose.

This e-mail is intended solely for the person or entity to which it is addressed and may contain confidential and/or privileged information. Any review, dissemination, copying, printing or other use of this e-mail by persons or entities other than the addressee is prohibited. If you have received this e-mail in error, please contact the sender immediately and delete the material from any computer without retaining any copies of it.

From: O'Dell, Brian [mailto:bodell@bradley.com]
Sent: Friday, September 14, 2018 2:42 PM
To: Andrew Corcoran
<acorcoran@bplawgroup.com<mailto:acorcoran@bplawgroup.com>>
Subject: RE: Ditech Funds

Andrew,

I appreciate the email below but before we can go further we have to confirm
receipt of the ten checks that were mailed last Friday. To date, Ditech has not
received those checks despite seven days passing. Moreover, the tracking
numbers provided are invalid in USPS, UPS, and FedEx. If the checks are still
not tracking by COB Monday or have not been received by Ditech, I think that the
firm needs to stop payment on those checks and immediately wire the money. If
you can provide us any information relating to the status or proof of delivery of
the funds, please do so as soon as possible.

Thank you.

D. Brian O'Dell
Partner |
Bradley<https://linkprotect.cudasvc.com/url?a=http%3a%2f%2fwww.bradley.co
m&c=E,1,fXRRWZtelc0-P6eZQzv-a_XWerxsS02b_2-
tAiwbIp3WB4S_TKc27r0jW2PImAIrzWKHxCUygCDS76qqRbnm2D77dk4trF6
OZmkptw65_RxFA-mRwDk1X0,&typo=1>
bodell@bradley.com<mailto:bodell@bradley.com>
205.521.8226


From: Andrew Corcoran [mailto:acorcoran@bplawgroup.com]
Sent: Thursday, September 13, 2018 11:49 AM
To: O'Dell, Brian <bodell@bradley.com<mailto:bodell@bradley.com>>
Subject: RE: Ditech Funds

[External Email]
Brian,

I wanted to follow up with you regarding the files where the audit is not yet
ratified. As I stated to you our general practice and policy is to wait for the audit
to be ratified before disbursing proceeds. We believe that is the best policy and
will continue to do that going forward. However, given the circumstances with
respect to these limited files and in the interest of cooperation we are willing to
make an exception here to our normal practice of not disbursing funds until the
audit is ratified and will disburse proceeds for files so long as the final audit has
been filed with the court by the auditor. However, I want to first have our
attorneys and staff here review each of these files and speak with the auditors to
determine if they foresee any file specific issues. I don't think this will cause any
issues but I want to make sure this review is done since we are deviating from our
normal practice. This should not take long but we do have a couple of key staff
members out this week for vacation and some staff members live in areas that are
likely to be impacted by Hurricane Florence so we will likely need about a week
to get this done. Once they have conducted a detailed review of these files,
spoken with the auditors and confirmed that a final audit has been filed in each
case we will send the proceeds out subject of course to the agreement that Ditech
will return any funds as necessary if the Court does not ratify the currently filed

3

audits in their entirety for any reason.

In addition, please note that given the internal delays associated with these files we are also willing to provide reasonable delay damages to Ditech to ensure that they are not penalized as a result of our own transitory internal restructuring issues. While we would remind Ditech that part of our restructuring and downsizing was actually the result of Ditech pulling all of their presale files right after the firm's acquisition – something that I understand Fannie advised against but they did nonetheless thereby causing considerable albeit temporary harm to the firm during a critical time – we recognize that neither Ditech or Fannie should be harmed as a result of our internal issues and our primary intent is obviously to repair this relationship.

I hope this is acceptable to you and resolves this issue for your client. We hope that you understand we are simply trying to work with your client to repair this relationship going forward. If this is not acceptable we are also happy to work with your client to firm transfer these files and wire the trust funds to new counsel. We don't believe that is necessary or in anyone's best interest as it will likely only cause further and significant delays while new counsel is substituted into the cases but obviously that is your client's right and decision.

Please let me know if you would like to discuss this further or if you have any questions.

Best,
Andrew

Andrew R. Corcoran
Administrative Office Manager
(Admitted in Maryland, New York and DC only)
BP Fisher Law Group, LLP
174 Waterfront Street, Suite 400
(ALL DELIVERIES TO SUITE 300)
National Harbor, MD 20745
Main:            (301) 599-7700
Fax:             (301) 599-2100
[cid:image004.png@01D44C49.71F3E580]

This firm is the creditor's attorney and is attempting to collect a debt on its behalf. Any information obtained will be used for that purpose.

This e-mail is intended solely for the person or entity to which it is addressed and may contain confidential and/or privileged information. Any review, dissemination, copying, printing or other use of this e-mail by persons or entities other than the addressee is prohibited. If you have received this e-mail in error, please contact the sender immediately and delete the material from any computer without retaining any copies of it.

From: O'Dell, Brian [mailto:bodell@bradley.com]
Sent: Wednesday, September 12, 2018 1:42 PM

To: Andrew Corcoran
<acorcoran@bplawgroup.com<mailto:acorcoran@bplawgroup.com>>
Subject: Ditech Funds
Importance: High

Andrew,

After our teleconference I had a subsequent teleconference with Ditech. They are
going to check LoanSphere again for the certified mail information, but as of
Monday, September 10, they did not believe those had been
uploaded. Furthermore, they corresponded with Marie from your office on
Monday about these issues who informed them that the issue had been "escalated
to management."

I want to again stress that holding client funds for 800+ days is an issue that
Ditech (and any servicer for that matter) takes very seriously. As I stated on our
teleconference, the firm being able to provide information in real time is very
important as Ditech is making decisions about how to proceed. At this point, I
think it would be beneficial for the firm to provide me immediately via email the
following:

1.    Copies of certified mail and the checks for ten third party sales that were
mailed to Ditech on Friday, September 8, 2018.

2.    The address the checks were mailed.

3.    A list of the ten loans the checks will resolve.

4.    Ditech shows 18 total loans where BP Fisher has third party funds. Once I
have (3) above, I will provide you the list of the remaining eight loans at issue.

5.    An immediate answer from BP Fisher whether it is the firm's position that
it has to hold third party funds until an audit is confirmed, especially in situations
where the firm has not been diligent or timely in submitting the confirmation.

Thank you, and please let me know of any questions.
[Bradley]

D. Brian O'Dell
Partner
e: bodell@bradley.com<mailto:bodell@bradley.com> w:
https://linkprotect.cudasvc.com/url?a=https%3a%2f%2fbradley.com&c=E,1,1Cm
WcdecKYbzAj6Xlcq1v0jliYs4OhEAhAD3w4gNnKB_AH-
OsBMf9kgEYOBt1Gh3SS8ZeqhQfO_9g6AaxqMUuQCK-
fAh5Wo4GAO4g5lLO0A-
BeUKQQ,,&typo=1<https://linkprotect.cudasvc.com/url?a=http%3a%2f%2fbradl
ey.com&c=E,1,oQQqmKEnFuuHizu7i1gU2PGWgLfRPFAeXocI8sVzIpZV_0bA
CgjrrkjfGudg4ML1nzSLZj5mbYzTScRRtQc-
dMXhFSu4Y4u6nPWSfF2ai1gBGA,,&typo=1>

d: 205.521.8226 f: 205.488.6226
Bradley Arant Boult Cummings LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
LinkedIn <https://www.linkedin.com/company/bradley-law> | Facebook
<https://www.facebook.com/officialbradleylaw/> | Twitter
<https://twitter.com/bradleylegal> | Instagram
<https://linkprotect.cudasvc.com/url?a=https%3a%2f%2fwww.instagram.com%2
fbradleylaw%2f&c=E,1,Vjs8VTbXpm2XgfsK4hiD2T2Rf0mhvq0P4KvItnVz46Z
4uy2JLQazQ-
QeKBEasERDPGC_fpfQREykah5S_WSSssFZosPnL5pl9mc6N4d9_wukz-
a6Xw,,&typo=1> |
Blogs<https://linkprotect.cudasvc.com/url?a=http%3a%2f%2fwww.bradley.com
%2fblogs%2f&c=E,1,NNHEStodqAA9ASa-Nwp9a-
TJuROJD4LH2__YZLqG7ObXjhG4NdwB3cloZQFE0cEQYJoGCIKdclywW2R
1ZtxoEGrWfaniesyo44dvuvo6hr6p0K0,&typo=1> | My
Bio<https://linkprotect.cudasvc.com/url?a=http%3a%2f%2fwww.bradley.com%2
fD-Brian-
ODell&c=E,1,9wve7KIIsUKrlNPycrVALaJNjDg55_KWWwks3f8zTHpH1ZMP
CkADQCbYmWCM9NeD7pDhz7B6MXs5dU8gYtb4qa5XJ4cARirgUG3rWi5yl
s5QDlzmA31agiym4jE,&typo=1>

Confidentiality Notice: This e-mail is from a law firm and may be protected by
the attorney-client or work product privileges. If you have received this message
in error, please notify the sender by replying to this e-mail and then delete it from
your computer.

# Exhibit "D"

| From: | O'Dell, Brian |
|---|---|
| Sent: | Tuesday, September 18, 2018 1:49 PM |
| To: | Andrew Corcoran |
| Subject: | Ditech Third Party Funds |
| Attachments: | Regions Trust Wire Instructions 4686.docx |
| Importance: | High |

Andrew,

Thank you for hand delivering the nine checks totaling $1,282,396.81 to Sheetal yesterday. She has overnighted the checks to Tempe and we expect them to be processed and deposited today.

However, there are nine additional files whereby Ditech shows that BP Fisher has received third party funds that have not been disbursed to Ditech. FNMA is the investor for all of these loans with the exception of loan number █████6.



Pursuant to your email of September 13, 2018, despite these files not being ratified, BP Fisher intends to disburse these funds after an internal review of each file. You requested until Thursday, September 20, 2018 to complete the internal review of these files. Accordingly, Ditech expects the money to be wired (not mailed or hand delivered) to my trust account on or before COB on Friday, September 21, 2018. I have again attached my wiring Instructions to this email. If the disbursement of sale proceeds for any of the nine above-referenced files will not occur on or before September 21, 2018, please send me notice immediately as to the reason for the non-disbursement.

I will be in South Carolina on Wednesday and Thursday on business, but will have the ability to check email and return calls during breaks. You have my mobile number and please do not hesitate to utilize it.

Thank you, and please let me know of any questions.

**D. Brian O'Dell**
Partner
e: bodell@bradley.com w: bradley.com
d: 205.521.8226 f: 205.488.6226
Bradley Arant Boult Cummings LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119

LinkedIn | Facebook | Twitter | Instagram | Blogs | My Bio

# Exhibit "E"

From:     O'Dell, Brian
Sent:     Tuesday, September 25, 2018 6:58 PM
To:     Andrew Corcoran
Cc:     'Shahjani, Sheetal R.'
Subject:     RE: Ditech Third Party Funds

Andrew,

Pursuant to our discussions today, BP Fisher will wire the money for the loans where sale proceeds have been received on or before 1:30 p.m. EST tomorrow. Pursuant to your email below, of the nine outstanding loans, it appears two ▇▇▇3 and ▇▇▇4) are not ready for distribution. Accordingly, Ditech requires the distribution of the remaining seven. As I stated to you on the telephone this afternoon, we will not delay any further and we will prepare a lawsuit to be filed tomorrow afternoon should the proceeds not be received.

Also, I agree that Bradley will hold the funds in trust until the firm has had time to perform their internal review, which in your email below you state will take several days. These internal reviews need to be completed by this Friday. The firm has had two weeks to complete the reviews to date.

Thank you, and I look forward to hopefully resolving the money issue tomorrow.

From: Andrew Corcoran [acorcoran@bplawgroup.com]
Sent: Tuesday, September 25, 2018 3:23 PM
To: O'Dell, Brian
Cc: 'Shahjani, Sheetal R.'
Subject: RE: Ditech Third Party Funds

Brian,

Unfortunately we are not able to send the proceeds for these files today and need several more days to resolve a few items. As I previously mentioned the data regarding these files spans several systems including some legacy systems that can be problematic. One of the necessary legacy systems temporarily crashed causing a significant delay (those systems are maintained by our IT department for now in order to preserve the data until it is fully migrated to our new system but the software is not updated and thus can be quirky – the data is protected but sometimes it can lock up causing access problems and it can take some time to resolve). We are in the process of migrating all of the data but it has not been completed yet and thus everything still needs to be checked in the old systems. In addition, while I had hoped to have enough senior experienced staff available to get through this by today unfortunately one was in a car accident and 2 called out sick the last few days (I am sympathetic as I have also been very sick since Saturday – likely the same thing they appear to have – and have actually been working the last few days from home to the extent I am able).

Accordingly, we will need several additional days to get this resolved. I understand this is not what you or your client wants to hear but please understand we are trying to resolve this as quickly as possible.

Please note that during staff's initial review of these files it came to their attention that a number of the 9 files you referenced either have no proceeds to disburse at this time or the proceeds cannot be disbursed for a few days despite our willingness to deviate from our normal process of waiting for full audit ratification. Below are the files at issue along with the specific issues:

1) Loan ████ 3/File No. 14-02936 — In this case the sale was rescinded as a result of a timely filed bankruptcy and the deposit was returned (there was no settlement of course). The property is now going back to sale. (I have attached a copy of the letter sent to the 3rd party purchaser along with the refund check for their deposit).

2) Loan ████ 4/File No. 15-00408 — In this case the 3rd party purchaser has not yet gone to settlement. Approximately 30 days ago DiTech authorized allowing the purchaser an additional 90 days to go to settlement. As of today I understand settlement has not occurred. Accordingly, because this has not even gone to settlement yet we obviously cannot disburse funds. We will keep Ditech posted as to when this goes to settlement and try to expedite the audit process so we can disburse after the audit has been filed and the exemption period expired. (I have attached a copy of an email chain between our firm and DiTech documenting the delay by the purchaser and the 90 day extension for settlement).

3) In addition there are three files where the audit was just filed 10 days ago. As you may be aware once an audit is filed there is a 10 day period for filing exemptions to the audit in Maryland. While that period should expire at the end of the day today, exemptions are most commonly filed on the last day of this period and it often takes a few days for us to get copies of an exemptions filed or for any such filings to appear on the electronic docket. We need to make sure no exemptions were filed prior to disbursing. Thus, realistically we need until after we receive and review Friday's mail Friday to disburse (mail generally arrives late here so that probably means Monday). The three loans at issue are ████ 4, ████ 8 and ████ 5.

I was not aware of all of the above issues until after my staff was able to review the details of these files so I apologize for any confusion or not raising all of these issues earlier.

With respect to the remaining 4 files (████ 4/15-02640; ████ 9/14-01735 ████ 1/12-02635; and ████ 5/15-02579) now that we have resolved the issue with our legacy system, staff is working on these and I anticipate that we will be able to wire these out within a couple of days. As I mentioned these are the kind of issues I was worried might come up once I understood the issue better and thus why I had requested until the end of this week. These issues are temporary in nature and were created under prior firm management but unfortunately they are issues we are still working through.

Rest assured that we take this issue very seriously and we are making every effort to satisfy your client's demands (that is why the firm agreed to disburse these funds in the first place even though that is outside the firm's normal practice and procedure). I understand your client's desire to resolve this quickly and I understand that other interested parties want this resolved quickly too but I would kindly request that they just allow us a little bit of leeway to finish our work here and get this handled.

As I mentioned, I have been working remotely for the last few days as I have been very sick but I am available to talk at ████ -6788.

Best,
Andrew

Andrew R. Corcoran
Administrative Office Manager
*(Admitted in Maryland, New York and DC only)*
BP Fisher Law Group, LLP
174 Waterfront Street, Suite 400
(ALL DELIVERIES TO SUITE 300)
National Harbor, MD 20745
Main:       (301) 599-7700
Fax:        (301) 599-2100



2

This firm is the creditor's attorney and is attempting to collect a debt on its behalf. Any information obtained will be used for that purpose.

*This e-mail is intended solely for the person or entity to which it is addressed and may contain confidential and/or privileged information. Any review, dissemination, copying, printing or other use of this e-mail by persons or entities other than the addressee is prohibited. If you have received this e-mail in error, please contact the sender immediately and delete the material from any computer without retaining any copies of it.*

From: O'Dell, Brian [mailto:bodell@bradley.com]
Sent: Thursday, September 20, 2018 9:13 AM
To: Andrew Corcoran <acorcoran@bplawgroup.com>
Cc: 'Shahjani, Sheetal R.' <Sheetal.Shahjani@ditech.com>
Subject: RE: Ditech Third Party Funds

Andrew,

We are simply not willing to provide the firm an extra week from the previously agreed upon date given the massive delays to date. Indeed, to audit nine files individually is something that should be able to be completed within a day or two at most. However, in an attempt at compromise, we will provide the firm until COB on Tuesday, September 25, 2018, to wire the funds and/or provide documentation that the sale was rescinded. If funds are not received via wire by COB on September 25, 2018, Ditech intends to take all actions necessary to protect itself and its investors.

I am out of the office today but you can reach me on my cell today or tomorrow as needed. I will be in the office on Monday and Tuesday. I have previously provided you wiring instructions. Thank you, and please let me know of any questions.

D. Brian O'Dell
Partner | Bradley.
bodell@bradley.com
205.521.8226

From: Andrew Corcoran [mailto:acorcoran@bplawgroup.com]
Sent: Thursday, September 20, 2018 6:14 AM
To: O'Dell, Brian <bodell@bradley.com>
Subject: RE: Ditech Third Party Funds

Brian,

I understand and we are obviously trying to resolve this as quickly as possible but as I initially stated we normally do not disburse proceeds until ratification is complete so this is a bit of uncharted territory. In the interest of cooperation and as a result of the circumstances we have agreed to do so but I do not believe an extra week to resolve this is unreasonable. While I originally believed a week would be sufficient, at the time I made that estimate my staff had not fully dived into everything that was involved.

For example, as I believe I previously mentioned we just made a substantial investment in migrating all of the financial data into a single system as the prior firm ownership had used multiple systems (some date in CaseAware, some in Quickbooks, etc.), we are still completing that process and auditing the migrated data so that means we not only need to check the current systems but also the legacy systems for each of these files and then we need to make sure that each file is properly handled in the new system to avoid further issues.

In addition, the issues with disbursing these finds prior to ratification are not limited to this internal auditing issue because it is not our normal process. As you likely know much of the work in this area is done by staff that follow a

3

series of steps. The steps are set up in such a way as to ensure all requirements are met and in large part can be handled by non-lawyers under the supervision of experienced default lawyers. Because this is not part of our normal process it creates some issues that need to be addressed to ensure we do not create more problems. For example, things as simple as determining how to properly request the checks through our system when that step is not normally due until after the audit ratification step is complete means I have to get our rather over-taxed accounting and internal IT people involved. I need to make sure that they are involved to ensure that our system trust reconciliation data is accurate and also to make sure that the remainder of the staff steps are not somehow impacted by jumping to this near final step.

We have obviously had issues with our systems as a result of the way prior ownership set them up and entered the data, that is a large part of why we are in this position and we certainly don't want to solve this current issue only to create more issues with the systems we have been working so hard to fix. I know that is not Ditech or others problem but I am just asking for a small bit of cooperation while we try to resolve this in the right way.

As I mentioned I will be traveling today and tomorrow but I should be available in the evenings at a minimum if you would like to discuss further.

Best,
Andrew

**From:** O'Dell, Brian <bodell@bradley.com>
**Sent:** Wednesday, September 19, 2018 6:06 PM
**To:** Andrew Corcoran <acorcoran@bplawgroup.com>
**Subject:** RE: Ditech Third Party Funds

Andrew,

Please note the following:

1. The firm should know and track when third party proceeds have been received. It is the firm's responsibility to obtain ratification as soon as possible and disburse the proceeds to Ditech in a timely manner. Neither of those things has been done and, in most cases, the time delay from receipt of the funds until disbursement is unacceptable and insupportable. The fact that Ditech found additional files where the firm failed to timely disburse third party proceeds is a further indication that the firm still does not have the processes in place to identify such files and/or ensure timely disbursement. The fact that this is not the first time this has happened with the firm is even more disturbing.

2. You previously asked for one week to disburse the funds on five loans where ratification had not been received due to the firm not timely moving for same. You are now requesting to double that timeframe. I have told you time and again that the firm has put itself in a position with Ditech and others that cannot get any more precarious than it already is. I cannot imagine that this has not been the first priority of the firm over the last week. I cannot imagine any circumstance where it would take more than a week to audit five loans. While Ditech located four additional files, again, Ditech provided that information to you on Tuesday, still giving the firm three full days to complete its internal review.

3. I can assure you that it is Ditech's position that all loans be disbursed as agreed by this Friday. For any loan where the sale was rescinded and the third party proceeds returned, please provide details and support regarding the circumstance(s) and Ditech will remove such file(s) from its list. Otherwise, the proceeds need to be disbursed as agreed.

4. I will discuss this issue with Sheetal tomorrow as to whether she agreed to a further delay on these files, but I can assure you this issue goes to the highest levels of all those involved and all are expecting disbursement on Friday as originally agreed. .

Thank you, and please let me know of any questions.

D. Brian O'Dell
Partner | Bradley
bodell@bradley.com
205.521.8226

From: Andrew Corcoran [mailto:acorcoran@bplawgroup.com]
Sent: Wednesday, September 19, 2018 1:59 PM
To: O'Dell, Brian <bodell@bradley.com>
Subject: RE: Ditech Third Party Funds

[External Email]

Brian,

Sorry for the delayed response, as I told Sheetal on Monday, we will likely need an additional week beyond what I originally anticipated as it is taking a little longer than I had hoped to go through the files that we had discussed disbursing prior to audit ratification since that is outside of our normal process. In addition, the list below includes additional files beyond those we had originally discussed and appears to include some files for which the auditor has not yet submitted the final audit (our staff is working with those auditors to try to get them filed immediately if they have not already been filed). It also appears there is one file on this list for which there are not even any proceeds to disburse because the sale was rescinded shortly after as a result of a bankruptcy and the buyer's deposit was returned prior to settlement as a result (that is being reset for sale). I will obviously keep you posted once I have more details on a file by file basis.

Thus, while I will certainly adhere to my prior statement that the firm would diverge from its normal practice and send funds to Ditech for files where final audits have been filed but not ratified because this is outside of our normal process and because the number of files is larger than initially discussed it will take my staff a bit longer to go through these before disbursing. While we obviously hope to get them out sooner rather than later, we will ensure that the funds for files where final audits have been filed but not yet ratified will be sent to your trust account by wire no later than September 28, 2018.

Finally, the disbursement of these funds prior to ratification is obviously subject to Ditech's responsibility to return any funds required to be disbursed to other parties should the filed final audit not be ratified in full.

Please note that I will be traveling tomorrow and Friday for work but I will be intermittently checking email and returning calls when I am not tied up.

Best,

Andrew R. Corcoran
Administrative Office Manager
*(Admitted in Maryland, New York and DC only)*
BP Fisher Law Group, LLP
174 Waterfront Street, Suite 400
(ALL DELIVERIES TO SUITE 300)

National Harbor, MD 20745
Main:      (301) 599-7700
Fax:       (301) 599-2100

# BP FISHER
LAW GROUP

This firm is the creditor's attorney and is attempting to collect a debt on its behalf. Any information obtained will be used for that purpose.

*This e-mail is intended solely for the person or entity to which it is addressed and may contain confidential and/or privileged information. Any review, dissemination, copying, printing or other use of this e-mail by persons or entities other than the addressee is prohibited. If you have received this e-mail in error, please contact the sender immediately and delete the material from any computer without retaining any copies of it.*

**From:** O'Dell, Brian [mailto:bodell@bradley.com]
**Sent:** Tuesday, September 18, 2018 2:49 PM
**To:** Andrew Corcoran <acorcoran@bplawgroup.com>
**Subject:** Ditech Third Party Funds
**Importance:** High

Andrew,

Thank you for hand delivering the nine checks totaling $1,282,396.81 to Sheetal yesterday. She has overnighted the checks to Tempe and we expect them to be processed and deposited today.

However, there are nine additional files whereby Ditech shows that BP Fisher has received third party funds that have not been disbursed to Ditech. FNMA is the investor for all of these loans with the exception of loan number ████6.



Pursuant to your email of September 13, 2018, despite these files not being ratified, BP Fisher intends to disburse these funds after an internal review of each file. You requested until Thursday, September 20, 2018 to complete the internal review of these files. Accordingly, Ditech expects the money to be wired (not mailed or hand delivered) to my trust account on or before COB on Friday, September 21, 2018. I have again attached my wiring instructions to this email. If the disbursement of sale proceeds for any of the nine above-referenced files will not occur on or before September 21, 2018, please send me notice immediately as to the reason for the non-disbursement.

I will be in South Carolina on Wednesday and Thursday on business, but will have the ability to check email and return calls during breaks. You have my mobile number and please do not hesitate to utilize it.

Thank you, and please let me know of any questions.

 **D. Brian O'Dell**
Partner

6

e: bodeli@bradley.com w: bradley.com
d: 205.521.8226 f: 205.488.6226
Bradley Arant Boult Cummings LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119

LinkedIn | Facebook | Twitter | Instagram | Blogs | My Bio

---

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.

# Exhibit "F"

**From:** O'Dell, Brian
**Sent:** Wednesday, September 26, 2018 10:28 AM
**To:** 'Andrew Corcoran'
**Subject:** RE: Wire Instructions

Andrew,

I can confirm receipt of the wire.

Please provide copies of the six checks via pdf that will be sent overnight to Ditech for delivery tomorrow. Ditech wants the checks sent via FedEx for the earliest delivery tomorrow and needs the tracking number asap. Please send to the attention of Tron Smith at the below address:



**Tron Smith**
Foreclosure Supervisor
Ditech Financial LLC | ditech.com

2100 E Elliot Rd Building 94, Mail Stop T-140 Tempe, AZ 85284

Thank you, and please let me know of any questions.

**D. Brian O'Dell**
Partner | Bradley
bodell@bradley.com
205.521.8226

**From:** Andrew Corcoran [mailto:acorcoran@bplawgroup.com]
**Sent:** Wednesday, September 26, 2018 10:14 AM
**To:** O'Dell, Brian <bodell@bradley.com>
**Subject:** RE: Wire Instructions

**[External Email]**

Brian, the wire in the amount of $89,513.53 has been sent to the wire instructions you provided below. This amount constitutes the proceeds due Ditech with respect to File No. 15-02579 (Loan No. ▮▮▮▮▮5). Please confirm this wire has been received. I believe the Fed Ref. No. is 189QF0905DEN0WW8.

Andrew R. Corcoran
Administrative Office Manager
*(Admitted in Maryland, New York and DC only)*
BP Fisher Law Group, LLP
174 Waterfront Street, Suite 400
(ALL DELIVERIES TO SUITE 300)
National Harbor, MD 20745
Main:      (301) 599-7700
Fax:       (301) 599-2100

**BP FISHER**
LAW GROUP

1

This firm is the creditor's attorney and is attempting to collect a debt on its behalf. Any information obtained will be used for that purpose.

*This e-mail is intended solely for the person or entity to which it is addressed and may contain confidential and/or privileged information. Any review, dissemination, copying, printing or other use of this e-mail by persons or entities other than the addressee is prohibited. If you have received this e-mail in error, please contact the sender immediately and delete the material from any computer without retaining any copies of it.*

From: O'Dell, Brian [mailto:bodell@bradley.com]
Sent: Wednesday, September 26, 2018 10:53 AM
To: Andrew Corcoran <acorcoran@bplawgroup.com>
Subject: Wire Instructions
Importance: High

Wire Instructions attached.

**D. Brian O'Dell**
Partner | Bradley
bodell@bradley.com
205.521.8226

...

From: O'Dell, Brian
Sent: Tuesday, September 18, 2018 1:49 PM
To: Andrew Corcoran <acorcoran@bplawgroup.com>
Subject: Ditech Third Party Funds
Importance: High

Andrew,

Thank you for hand delivering the nine checks totaling $1,282,396.81 to Sheetal yesterday. She has overnighted the checks to Tempe and we expect them to be processed and deposited today.

However, there are nine additional files whereby Ditech shows that BP Fisher has received third party funds that have not been disbursed to Ditech. FNMA is the investor for all of these loans with the exception of loan number [redacted] 6.



Pursuant to your email of September 13, 2018, despite these files not being ratified, BP Fisher intends to disburse these funds after an internal review of each file. You requested until Thursday, September 20, 2018 to complete the internal review of these files. Accordingly, Ditech expects the money to be wired (not mailed or hand delivered) to my trust account on or before COB on Friday, September 21, 2018. I have again attached my wiring instructions to this email. If

2

the disbursement of sale proceeds for any of the nine above-referenced files will not occur on or before September 21, 2018, please send me notice immediately as to the reason for the non-disbursement.

I will be in South Carolina on Wednesday and Thursday on business, but will have the ability to check email and return calls during breaks. You have my mobile number and please do not hesitate to utilize it.

Thank you, and please let me know of any questions.



**D. Brian O'Dell**
Partner
e: hodell@bradley.com w: bradley.com
d: 205.521.8228 f: 205.488.6228
Bradley Arant Boult Cummings LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119

LinkedIn | Facebook | Twitter | Instagram | Blogs | My Bio

Confidentially Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.

# Exhibit "G"

**D. Brian O'Dell**
Partner
bodell@bradley.com
205.521.8226 direct
205.488.6226 fax



October 19, 2018

Shannon B. Kreshtool, Esq.
Managing Attorney
Andrew R. Corcoran, Esq.
Administrative Office Manager
BP Fisher Law Group, LLP
174 Waterfront Street, Suite 400
National Harbor, Maryland 20745

RE: Ditech Third Party Sale Funds

Dear Ms. Kreshtool and Mr. Corcoran:

Since my initial conversation with Andrew Corcoran on September 12, 2018, I have been attempting to receive third party sale proceeds from BP Fisher Law Group, LLP ("BP Fisher" or "the Firm") on 16 files, almost all of which are Fannie Mae investor files. On September 12, 2018, Mr. Corcoron informed me that the Firm had mailed checks to Ditech on September 7, 2018 for ten third party sales. Those ten checks totaled $1,529,892.42 and were dated September 7, 2018. I have attached each of these checks as Attachment A to this letter. It should be noted that almost all of these third party sale proceeds had been held by the Firm *for several years* without timely or proper disbursement to Ditech.

Despite alleging these ten checks were mailed on September 7, 2018, by September 14, 2018, seven days later, Ditech still had not received these checks in the mail. Indeed, the UPS tracking numbers provided by the Firm were still not tracking on UPS's website as of this date. On September 14, 2018, I spoke with Mr. Corcoran and informed him that BP Fisher should stop payment on the September 7, 2018 checks and immediately wire the funds to Ditech on or before close of business on September 17, 2018. The Firm informed Ditech that it could not wire the funds but, alternatively, would hand deliver the ten checks to Ditech on September 17, 2018. Mr. Corcoran did hand deliver to Ditech's Ft. Washington, Pennsylvania office nine, as opposed to ten, checks on September 17, 2018 at approximately 5:00 p.m. EST. The checks were hand delivered to Sheetal Shah-Jani, who is Senior Counsel for Ditech. A check in the amount of $247,495.61 for Loan No. 19065965 was not delivered as promised. Mr. Corcoran informed Ditech that the Firm had stopped payment on the checks dated September 7, 2018 and that Ditech should cash the duplicate checks dated September 17, 2018.

On September 18, 2018, Ditech alerted BP Fisher in writing of nine additional files where third party sales had been received and again BP Fisher had failed to timely and properly disburse those funds to Ditech. Ditech demanded that these funds be disbursed via wire to Ditech on or before September 21, 2018, a date the Firm stated it could satisfy. The Firm then alerted Ditech it

could not meet the September 21, 2018 deadline, stating that competing case management systems were in large part to blame. Ditech agreed to extend the deadline to September 25, 2018. On September 25, 2018, the Firm asked for an additional extension, again due to "crashing" and "competing" systems as well as overburdened staff. Ditech agreed to a one day extension to September 26, 2018. The Firm wired $89,513.53 to Ditech for Loan No. 2490076 on September 26, 2018. The Firm then sent six checks to Ditech via overnight delivery despite promising these funds to be paid by wire. The wire could not be made allegedly due to, among other things, "the wire size required multiple approvals" and "one of the required approvers was traveling." The six checks are attached as Attachment B and totaled $822,156.09.

After receiving the checks dated September 15, 2018, Ditech cashed the checks. In early October 2018, the checks were returned as NSF/Stop Payment. After receiving the checks dated September 26, 2018, Ditech cashed the checks. In early/mid-October, the checks were returned as NSF/Stop Payment. While Ditech agrees the September 7, 2018 checks should have had a stop payment request on them, Ditech did not attempt to cash those checks until October 17, 2018. Ditech believes that the September 7, 2018 checks will also be returned as NSF/Stop Payment.

Accordingly, Ditech demands that each of the amounts in Attachments A and B be wired to Ditech on or before end of day on October 22, 2018. The Firm has the wire instructions from the one loan that the Firm wired on September 26, 2018. Should Ditech not receive the funds prior to that date, Ditech will immediately file suit against the Firm, bringing every cause of action and asserting all damages available to it. Because of the urgency of this matter, please feel free to contact me on my mobile phone at 205-306-8205 over the weekend. I will be in the office today until 5:00 p.m. EST.

Thank you.

Respectfully submitted,

D. Brian O'Dell

DBO/klc

Attachments

cc:    Sheetal Shah-Jani, Esq. (via email)

# Exhibit "H"

Andrew,

It has been one excuse after another for more than a month. The firm can provide the funds that it has been holding for years on Monday via wire or Ditech plans to take all necessary actions immediately thereafter. It is unbelievable to me that the firm has held proceeds for years without disbursement and there is no urgency to resolve this issue. We will prepare accordingly. Thank you.

**D. Brian O'Dell**
Partner | Bradley
bodell@bradley.com
205.521.8226


From: Andrew Corcoran [mailto:acorcoran@bplawgroup.com]
Sent: Friday, October 19, 2018 4:48 PM
To: O'Dell, Brian <bodell@bradley.com>
Cc: Shannon Kreshtool <SKreshtool@bplawgroup.com>; Shahjani, Sheetal R. <Sheetal.ShahJani@ditech.com>
Subject: Re: Ditech Third Party Sale Funds

[External Email]

Brian,

I have been out of my office and tied up on some other work and personal matters. I have received your voicemails and letter and am reviewing to try to determine what happened. I will get back to you as soon as possible but given the hour and that I am not in front of a computer I likely will not be able to address this substantively until Monday.

Best,

Andrew R. Corcoran
Administrative Office Manager
*Not Admitted to Practice in Maryland*
*(Admitted in New York and DC only)*
BP Fisher Law Group, LLP
174 Waterfront Street, Suite 400
(ALL DELIVERIES TO SUITE 300)
National Harbor, MD 20745
Main:      (301) 599-7700
Fax:       (301) 599-2100

**This firm is the creditor's attorney and is attempting to collect a debt on its behalf. Any information obtained will be used for that purpose.**

1

*This e-mail is intended solely for the person or entity to which it is addressed and may contain confidential and/or privileged information. Any review, dissemination, copying, printing or other use of this e-mail by persons or entities other than the addressee is prohibited. If you have received this e-mail in error, please contact the sender immediately and delete the material from any computer without retaining any copies of it.*

On Oct 19, 2018, at 3:34 PM, O'Dell, Brian <bodell@bradley.com> wrote:

Please see the attached letter. Attachments A and B to follow via separate cover.

I still have not received a return telephone call.

Thank you.

**D. Brian O'Dell**
Partner | Bradley
bodell@bradley.com
205.521.8226


**From:** O'Dell, Brian
**Sent:** Friday, October 19, 2018 12:38 PM
**To:** 'Andrew Corcoran' <acorcoran@bplawgroup.com>; 'skreshtool@bplawgroup.com' <skreshtool@bplawgroup.com>
**Subject:** Ditech Third Party Sale Funds
**Importance:** High

Ms. Kreshtool and Mr. Corcoran,

I left a message earlier today on Mr. Corcoran's mobile phone. It is imperative that I talk with someone from the firm today. I will be sending a more formal demand letter to BP Fisher in an hour or two that demands that the firm wire Ditech's third party sale funds, which total more than $2,000,000, to Ditech immediately.

Ditech has given the firm every opportunity to remedy this situation, but that time has come to an end. I am unavailable until 2 p.m. EST today, but am otherwise available.

Thank you.



**D. Brian O'Dell**
Partner
e: bodell@bradley.com w: bradley.com
d: 205.521.8226 f: 205.488.6226
Bradley Arant Boult Cummings LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119

LinkedIn | Facebook | Twitter | Instagram | Blogs | My Bio

---

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.

<20181019143049533.pdf>

# Exhibit "I"

From: Andrew Corcoran <acorcoran@bplawgroup.com>
Date: October 22, 2018 at 2:32:59 PM CDT
To: "O'Dell, Brian" <bodell@bradley.com>
Cc: Shannon Kreshtool <SKreshtool@bplawgroup.com>, "Shahjani, Sheetal R."
<Sheetal.ShahJani@ditech.com>, "Elizabeth M. DeSilva - Ditech Financial LLC
(Elizabeth.DeSilva@ditech.com)" <Elizabeth.DeSilva@ditech.com>
Subject: Re: Ditech Third Party Sale Funds

Brian,

Shannon is out of the office and I am working on trying to get this resolved as I said I would <u>Friday evening</u>. However, we are short staffed, particularly after recent events that have caused some critical departures, and thus while we are working on this I am not sure if we will be able to meet your deadline as much as we would obviously prefer to do so. The firm has the funds but obviously mistakes were made in trying to get this resolved pursuant to your deadlines the first time and the issues we have had with revising wire limits and wire authority for some of our trust accounts as a result of management overturn has admittedly caused substantial problems. We certainly appreciate the gravity of this situation (indeed, the firm has already incurred substantial hardship as a result of some of these issues) but there is only so much we can do under these circumstances and timing. Based on your emails I understand your client's position and while I do not believe litigation is necessary I obviously cannot make that decision for your client. Regardless of what your client decides to do we will obviously continue to work on getting this issue resolved as quickly as possible so we can all move forward.

Best,

Andrew

Andrew R. Corcoran
Administrative Office Manager
*Not Admitted to Practice in Maryland.*

1

*(Admitted in New York and DC only)*
BP Fisher Law Group, LLP
174 Waterfront Street, Suite 400
{ALL DELIVERIES TO SUITE 300)
National Harbor, MD 20745
Main:      (301) 599-7700
Fax:       (301) 599-2100

**This firm is the creditor's attorney and is attempting to collect a debt on its behalf. Any information obtained will be used for that purpose.**

*This e-mail is intended solely for the person or entity to which it is addressed and may contain confidential and/or privileged information. Any review, dissemination, copying, printing or other use of this e-mail by persons or entities other than the addressee is prohibited. If you have received this e-mail in error, please contact the sender immediately and delete the material from any computer without retaining any copies of it.*

On Oct 22, 2018, at 12:57 PM, O'Dell, Brian <bodell@bradley.com> wrote:

It is unfathomable that neither of you has responded to our inquiries into the checks that you have sent to Ditech that are NSF. It leads me to only two conclusions: (1) the firm and its principals do not understand the gravity of this situation; or (2) the firm does not have the means to pay the funds owed to Ditech (since these funds should have been at all times held in the firm's trust account, if the firm does not currently possess these funds then the reason why is clear).

I have attempted to contact both of you today but since I did not receive a call back from either of you from my messages on Friday, I declined to leave another message.

Ditech is in the process of taking all remedies available to it. The firm can resolve this today or Ditech will move forward with all of its remedies.

Thank you.

**D. Brian O'Dell**
Partner | Bradley.
bodell@bradley.com
205.521.8226

From: O'Dell, Brian
Sent: Friday, October 19, 2018 4:54 PM
To: 'Andrew Corcoran' <acorcoran@bplawgroup.com>
Cc: Shannon Kreshtool <SKreshtool@bplawgroup.com>; Shahjani, Sheetal R. <Sheetal.ShahJani@ditech.com>
Subject: RE: Ditech Third Party Sale Funds

Andrew,

It has been one excuse after another for more than a month. The firm can provide the funds that it has been holding for years on Monday via wire or Ditech plans to take all necessary actions immediately thereafter. It is unbelievable to me that the firm has

2

held proceeds for years without disbursement and there is no urgency to resolve this issue. We will prepare accordingly. Thank you.

**D. Brian O'Dell**
Partner | Bradley
bodell@bradley.com
205.521.8226

From: Andrew Corcoran [mailto:acorcoran@bplawgroup.com]
Sent: Friday, October 19, 2018 4:48 PM
To: O'Dell, Brian <bodell@bradley.com>
Cc: Shannon Kreshtool <SKreshtool@bplawgroup.com>; Shahjani, Sheetal R. <Sheetal.ShahJani@ditech.com>
Subject: Re: Ditech Third Party Sale Funds

[External Email]

Brian,

I have been out of my office and tied up on some other work and personal matters. I have received your voicemails and letter and am reviewing to try to determine what happened. I will get back to you as soon as possible but given the hour and that I am not in front of a computer I likely will not be able to address this substantively until Monday.

Best,

Andrew R. Corcoran
Administrative Office Manager
*Not Admitted to Practice in Maryland*
*(Admitted in New York and DC only)*
BP Fisher Law Group, LLP
174 Waterfront Street, Suite 400
(ALL DELIVERIES TO SUITE 300)
National Harbor, MD 20745
Main:        (301) 599-7700
Fax:          (301) 599-2100

This firm is the creditor's attorney and is attempting to collect a debt on its behalf. Any information obtained will be used for that purpose.

*This e-mail is intended solely for the person or entity to which it is addressed and may contain confidential and/or privileged information. Any review, dissemination, copying, printing or other use of this e-mail by persons or entities other than the addressee is prohibited. If you have received this e-mail in error, please contact the sender immediately and delete the material from any computer without retaining any copies of it.*

On Oct 19, 2018, at 3:34 PM, O'Dell, Brian <bodell@bradley.com> wrote:

3

Please see the attached letter. Attachments A and B to follow via separate cover.

I still have not received a return telephone call.

Thank you.

**D. Brian O'Dell**
Partner | Bradley
bodell@bradley.com
205.521.8226

From: O'Dell, Brian
Sent: Friday, October 19, 2018 12:38 PM
To: 'Andrew Corcoran' <acorcoran@bplawgroup.com>;
'skreshtool@bplawgroup.com' <skreshtool@bplawgroup.com>
Subject: Ditech Third Party Sale Funds
Importance: High

Ms. Kreshtool and Mr. Corcoran,

I left a message earlier today on Mr. Corcoran's mobile phone. It is imperative that I talk with someone from the firm today. I will be sending a more formal demand letter to BP Fisher in an hour or two that demands that the firm wire Ditech's third party sale funds, which total more than $2,000,000, to Ditech immediately.

Ditech has given the firm every opportunity to remedy this situation, but that time has come to an end. I am unavailable until 2 p.m. EST today, but am otherwise available.

Thank you.



**D. Brian O'Dell**
Partner
e: bodell@bradley.com w: bradley.com
d: 205.521.8226 f: 205.488.6226
Bradley Arant Boult Cummings LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
LinkedIn | Facebook | Twitter | Instagram | Blogs | My Bio

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.

<20181019143049533.pdf>